# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50573
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Valentin Ureste-Fuentes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1096-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

Valentin Ureste-Fuentes was sentenced to 63 months of imprisonment after pleading guilty to smuggling goods from the United States, in violation of 18 U.S.C. § 554. On appeal, he contends that the district court erred in declining to grant him a reduction for acceptance of responsibility.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50573

Because Ureste-Fuentes did not object to the denial of acceptance of responsibility points, review is limited to the plain error standard. *See United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). Ureste-Fuentes argues that the district court erred in relying on the allegations in the presentence report (PSR) that he brandished a firearm while on pretrial release as this account lacked an adequate evidentiary basis. This information came from the pretrial services officer, who spoke with the person at whom Ureste-Fuentes pointed the gun. Ureste-Fuentes offered no rebuttal evidence. Accordingly, the district court was entitled to rely on the information. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). There was no error, plain or otherwise. Thus, we need not reach the alternate ground cited by the probation officer.

AFFIRMED.